IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 8 2021
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

| | |
|---|---|
| TRACEY HARRIS COOMER, § | |
| a/k/a Tracy Harris Coomer, § | |
| TDCJ-CID No. 01473063, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:18-CV-121-Z-BR |
| § | |
| MARK ROTH, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT AND DENYING INJUNCTIVE RELIEF

Plaintiff Tracey Harris Coomer, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ") Correctional Institutions Division, has filed suit pursuant to 42 U.S.C. § 1983 complaining against the above-referenced Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Amended Complaint is DISMISSED with prejudice. Plaintiff's Motion for Injunction is DENIED.

### FACTUAL BACKGROUND

By his Amended Complaint, Plaintiff alleges that Defendants unlawfully confiscated, and later destroyed, his personal property. *See* ECF No. 18, at 4. Plaintiff claims that on April 29, 2015, TDCJ correctional officers NFN Simmons entered Plaintiff's cell and confiscated his personal property, to wit: a typewriter and "related equipment," worth $242.00. *Id.* Plaintiff further asserts that his Step 2 grievances concerning the confiscation of his property were unlawfully denied. *Id.* Plaintiff asserts that Defendant NFN Martinez seized his property in "retaliation" for Plaintiff's

use of the grievance system to report infractions committed by another TDCJ employee, NFN Simmons. *Id.* Plaintiff alleges that no investigation was conducted as part of the grievance process concerning the confiscation of his property. *Id.*

On June 19, 2020, Plaintiff filed a Motion for Injunction (ECF 16), alleging that additional property was lost by TDCJ during a unit transfer. ECF No. 16 at 1–2. Plaintiff requests the production of documents to support his claims. *Id.* at 2.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

Plaintiff seeks redress under 42 U.S.C. § 1983 against Defendants. *See* ECF No. 18. No statute of limitations is set forth under section 1983. However, the United States Supreme Court

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

has held that the statute of limitations for a civil rights action is to be determined by reference to the prescriptive period for personal injury actions in the forum state. *Hardin v. Straub*, 490 U.S. 536 (1989); *Owens v. Okure*, 488 U.S. 235 (1989). In Texas, the prescriptive period for such claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2011).

Plaintiff complains of events which occurred on April 29, 2015, and during the 105-day allowable grievance period following the confiscation of his personal property. *See* ECF No. 18 at 4. Plaintiff's initial complaint was filed on June 22, 2018. (ECF No. 1). Thus, it appears that Plaintiff's claims are time-barred.

"[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed…" *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993). Here, it is clear from the face of Plaintiff's Amended Complaint that his claims are time-barred.

Even if Plaintiff's claims were timely, Plaintiff's claims are still frivolous. An adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under section 1983, regardless of whether the deprivation is negligent or intentional. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Under the *Pratt/Hudson* doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim under § 1983 only after those remedies are denied on grounds other than the merits of the claim. *See Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *See Myers v. Klevenhagan*, 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420–21 (Tex. Civ. App.-San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). To the extent that plaintiff alleges that defendants willfully seized property in violation of his rights, there is no indication that he has instituted an action in state court to pursue these claims. Thus, Plaintiff's failure to pursue state court remedies renders his section 1983 action frivolous.

Plaintiff alleges that the confiscation of his property by one TDCJ employee was "in retaliation" for filing a grievance against a different TDCJ employee. To prevail on a retaliation claim, an inmate must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory or adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "*but for* the retaliatory motive, the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (emphasis added, internal citations omitted), *cert. denied*, 522 U.S. 995 (1997). Conclusory allegations of retaliation are insufficient to defeat a summary judgment motion. *Woods*, 60 F.3d at 1166. "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson*, 110 F.3d at 310 (internal quotation marks omitted). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal quotation marks omitted).

Trial courts are required to carefully scrutinize claims of retaliation, especially in relation to disciplinary convictions, "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Id.* at 1166.

Plaintiff's claim of retaliation is entirely conclusory. Plaintiff has not provided direct evidence of a retaliatory motive or alleged a chronology of events from which retaliation may be plausibly inferred. Plaintiff has failed to indicate why one TDCJ would seize his property because he had filed a grievance against a different TDCJ employee. Further, Plaintiff has failed to allege any chronology of events that suggest the act of seizing his typewriter could have resulted from retaliation.

Plaintiff's claims against Defendants Lorie Davis, Warden Arnold, and Captain NFN Chisum are based solely on supervisory capacity. In section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Plaintiff has not asserted any direct involvement by these Defendants in his claims, and Plaintiff

has not pleaded allegations showing that Defendants have implemented a policy of unlawful property destruction by TDCJ employees. Thus, Plaintiff's claims against these defendants are dismissed with prejudice.

Plaintiff also seeks injunctive relief for the loss of additional property that occurred during a unit transfer. (ECF No. 16 at 1–2).

A federal court may issue a preliminary injunction to protect a movant's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country, Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

The Court has determined that Plaintiff's claims in his Amended Complaint are frivolous. Plaintiff's request for injunctive relief involve other property deprivation claims. Thus, the Court determines that Plaintiff is unlikely to prevail on the merits of such claims. As such, Plaintiff has failed to satisfy the first prong of the test for injunctive relief – a likelihood of success on the merits of his claim. Plaintiff's request for injunctive relief must therefore be DENIED.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Civil Rights Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be DISMISSED with prejudice as frivolous. Plaintiff's Motion for Injunction (ECF No. 16) is DENIED.

**SO ORDERED.**

February 8, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE